**Marc L. GRIFFIN d/b/a Center Holding Company, Appellant, (Defendant below),**

v.

**MUNCO ASSOCIATES, Life & Casualty Ins. Co. of Tennessee, and Integrated Resources, Inc., Appellees, (Plaintiffs below),**

and

**William M. Payne, Curtis Coonrod, Auditor of Marion County, Indiana, Kenneth J. Quanz, The Indiana National Bank, Munford, Inc., Conna Corporation, Convenient Food Marts of Indiana, Inc., Ralph M. McCraig, C & P Grocery Company, Inc., and CFM Franchising Company, Appellees. (Defendants below).**

No. 29S00–8912–CV–923.

Supreme Court of Indiana.

March 23, 1992.

Rodney V. Taylor, David J. Theising, Christopher & Taylor, Indianapolis, for Mark L. Griffin.

John Muller, Paul F. Lottes, Mendelson Kennedy Miller Muller & Hall, Indianapolis, for Conna Corp., Convenient Industries of America, and Convenient Food Marts of Ind.

Philip A. Whistler, Teresa Eppley Kofodimos, Ice Miller Donadio & Ryan, Indianapolis, for Life & Cas. Ins. Co. of Tennessee and Integrated Resources.

KRAHULIK, Judge.

Mark L. Griffin d/b/a Center Holding Company ("Griffin") directly appeals the trial court's grant of summary judgment invalidating a tax sale and tax sale deed issued pursuant thereto. In invalidating the deed, the trial court held that the notice procedures followed by the county auditor in conducting the sale as set out in *Ind. Code* § 6–1.1–24–4.2 (1982), as applied to the facts of the case, were not reasonably calculated to provide actual notice to the mortgagee of the pending sale. The trial court also held that actual notice to the mortgagee was constitutionally required, notwithstanding the provisions of *Ind. Code* § 6–1.1–24–4.2. This holding has the effect of declaring the notice provisions under the Indiana tax sale statute unconstitutional as to mortgagees. Consequently, this Court takes jurisdiction under Appellate Rule 4(A)(8), which provides that the Supreme Court has exclusive jurisdiction of "[a]ppealable cases where a state or federal statute has been declared unconstitutional in whole or in part."

This case presents a single issue for review: Whether the Indiana statutory scheme for providing notice to mortgagees and others with substantial interest in property as set out in *Ind. Code* § 6–1.1–

24–4.2 (1980)[1] satisfied constitutional requirements of due process.

## I. *Facts*

The property in question is located in Marion County and is the site of a convenience store. Munco, an Indiana limited partnership acquired title to the property by warranty deed from Walsey and Company–Indiana ("Walsey"), a partnership, in June of 1972. This deed was recorded in November of 1972. At the time Munco acquired the property from Walsey, it was subject to an existing mortgage in favor of Life & Casualty Insurance Company of Tennessee, ("L & C"), a Tennessee corporation. This mortgage was dated May 31, 1972, and was recorded in June of 1972. The real estate also became subject to another mortgage from Munco to CAL/IRI Realty Company, a Delaware corporation, in November of 1972. The mortgage was recorded that month. CAL/IRI became Integrated Resources Incorporated ("Integrated").

Taxes on the property were paid by Munco from 1972 until November of 1982 when the taxes first fell delinquent. In June of 1984, the Marion County auditor mailed a notice of delinquent taxes to Munco at its last known address. At this time, *Ind. Code* § 6–1.1–24–4.2 was in effect. This statute required annual filing of a request for notice with the auditor's office and payment of a prescribed fee from any mortgagee or other interested party who wished to receive notices of delinquency and tax sale of property. Neither L & C nor Integrated had requested such notice nor did they receive notice of the delinquency or subsequent sale.

In August of 1984, the property was sold by the auditor at tax sale to Griffin. In June of 1986, the auditor mailed a notice of tax sale redemption or issuance of deed to Munco. Additionally, although not required by the statute, the auditor sent a form to the Marion County recorder to inquire as to whether anyone had a mortgage or property interest in the real estate. The form was returned by the auditor with the notation "none found." L & C and Integrated did not receive notice of redemption or issuance of tax deed. In August of 1986, Griffin received a tax deed to the property from the auditor. The deed was recorded seven days later.

One year later, on August 24, 1987, Griffin sold the real estate to William Payne. Payne gave Griffin a purchase money mortgage. Both of these documents were recorded on the day of the sale. This lawsuit was commenced by L & C six months after the sale, on February 19, 1988.

## II. *Notice*

The trial court entered summary judgment in favor of L & C and Integrated, invalidating the tax sale and tax deed issued to Griffin. The trial court concluded that because L & C and Integrated had properly recorded their mortgages reflecting their interest in the property, it was necessary that they receive notice of the tax sale. Failure to so notify these parties led to an unconstitutional deprivation of their due process rights. Consequently, the tax sale was undone.

In accord with the reasoning articulated in our decision in *Elizondo v. Read* (1992), Ind., 588 N.E.2d 501, handed down contemporaneously with this decision, we hold that the tax sale, conducted in accord with *Ind. Code* § 6–1.1–24–4.2, was constitutional, and thus valid. In *Elizondo*, we determined that this statute effectively balances both the interest of the mortgagee in receiving notice and of the State in being required to do only what is reasonable to assure that interested parties receive such notice. The facts of this case support the logic of this holding.

The filing of a mortgage or any other property interest in the recorder's office does not work to enter the mortgagee's name and address in the property tax records maintained in, and relied upon, by the county auditor for the purposes of tax records. Consequently, for the auditor to discover such information he must search the records of the recorder's office. In this case, despite the fact that the statute did not require it, the auditor sent a form to

---

1. *Ind.Code* § 6–1.1–24–4.2 (1980) has been repealed. P.L. 83–1989, sec. 18.

the recorder's office asking that a lien search be conducted. The auditor returned the form with the notation, "none found." This illustrates the cumbersome, time-consuming process associated with conducting a search of what may literally be hundreds of thousands of recorded property interests. *Ind.Code* § 6–1.1–24.4.2 was drafted, in part, to help reduce possible errors in determining what parties hold an interest in the property and, consequently, wish to receive notice. The method devised (filing a simple request in the auditor's office) is not burdensome upon property interest holders. For this reason, and those fully discussed in *Elizondo,* we hold that the summary judgment entered in favor of L & C and Integrated was erroneous, and the tax sale and tax deed were valid.

We, therefore, reverse the entry of summary judgment and remand this case to the trial court for further proceedings consistent with this opinion.

SHEPARD, C.J., and DeBRULER, and DICKSON, JJ., concur.

GIVAN, J., dissents, with separate opinion.

GIVAN, Judge, dissenting

I respectfully dissent from the majority opinion in this case for the same reasons I dissented in *Elizondo v. Read* (1992), Ind., 588 N.E.2d 501.

I believe Ind.Code § 6–1.1–24–4.2 (repealed 1989; *now see* § 6–1.1–24–3) as applied in those cases is unconstitutional. *See Mennonite Board of Missions v. Adams* (1983), 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180.

I would affirm the trial court.